ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| DEPARTAMENTO DEL TRABAJO Y RECURSO HUMANOS DE PUERTO RICO, en representación y para beneficio de GELCY MORALES GONZÁLEZ, <br><br> Recurrida, <br><br> v. <br><br> PUERTO RICO SUPPLIES GROUP, INC., <br><br> Peticionaria. | KLCE202400809 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala Superior de Toa Alta. <br><br> Civil núm.: TA2023CV01169. <br><br> Sobre: despido injustificado (Ley Núm. 80-1976); procedimiento sumario al amparo de la Ley Núm. 2-1961). |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de agosto de 2024.

La parte recurrida, Puerto Rico Supplies Group, Inc. (PR Supplies), solicita que atendamos un asunto interlocutorio surgido durante la tramitación del pleito del título, que fue instado al amparo del procedimiento sumario laboral establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118-3132, conocida como *Ley de procedimiento sumario de reclamaciones laborales* (Ley Núm. 2). Se trata de la solicitud de revisión de la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Toa Alta, que declaró sin lugar la solicitud de sentencia sumaria presentada por PR Supplies.

Prescindiendo de la comparecencia de la parte recurrida[1], y por los fundamentos que expondremos a continuación, desestimamos el recurso instado, pues carecemos de jurisdicción para intervenir.

---

[1] Ello, conforme a la Regla 7(b)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(b)(5).

Número identificador

RES2024_____

I

El 22 de julio de 2024, PR Supplies presentó este recurso discrecional de *certiorari*. En él, solicitó que revisemos la *Resolución* emitida y notificada el **10 de julio de 2024,** por el Tribunal de Primera Instancia, Sala Superior de Toa Alta. En ella, **el foro primario declaró sin lugar la solicitud de sentencia sumaria** presentada por PR Supplies el 28 de mayo de 2024.

Conforme a su recurso[2], el tribunal incurrió en los siguientes errores:

Erró el Tribunal de Primera Instancia al declaran No Ha Lugar la solicitud de sentencia sumaria presentada por la Compañía querellada-peticionaria, tras concluir que existe controversia en cuanto a si el contrato de empleo establecía un periodo probatorio distinto al de la Ley 80.

Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la solicitud de sentencia sumaria presentada por la Compañía querellada-peticionaria, tras concluir que existe controversia de hechos esenciales en cuanto a si la obrera fue despedida injustificadamente.

(Énfasis omitido).

De otra parte, PR Supplies sostiene que este foro intermedio ostenta jurisdicción para atender su recurso al amparo de la Sección 4 de la Ley Núm. 2, 32 LPRA sec. 3121. En cuanto a esta sección, la misma dispone como sigue:

Si el querellado radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juicio se celebrará sin sujeción a calendario a instancias del querellante, previa notificación al querellado.

Si el querellado no radicara su contestación a la querella en la forma y en el término dispuestos en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado. La sentencia a esos efectos será final y de la misma no podrá apelarse.

Si ninguna de las partes compareciere al acto del juicio, el tribunal pospondrá la vista del caso; si compareciere sólo el querellado, a instancias de éste, el tribunal desestimará la reclamación, pero si sólo compareciere el querellante, el tribunal a instancias del querellante dictará sentencia contra el querellado concediendo el remedio solicitado. En uno u otro caso, la sentencia será final y de la misma no podrá apelarse.

---

[2] En la misma fecha de la presentación del recurso, la peticionaria presentó una *Moción solicitando autorización para presentar copias del apéndice del recurso de certiorari en formato digital*, la cual declaramos **con lugar**.

> **Se dispone, no obstante, que la parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de certiorari al Tribunal de Apelaciones**, en el término jurisdiccional de diez (10) días siguientes **a la notificación de la sentencia** para que se revisen los procedimientos exclusivamente.
>
> La determinación dictada por el Tribunal de Apelaciones podrá ser revisada por el Tribunal Supremo de Puerto Rico mediante auto de certiorari, en el término jurisdiccional de veinte (20) días, contados a partir de la notificación de la sentencia o resolución.

(Énfasis nuestro).

Luego de evaluar el tracto procesal y el derecho aplicable, resulta evidente que **no** surge que se configure alguno de los escenarios contemplados por el Tribunal Supremo de Puerto Rico para acudir ante este foro intermedio en revisión de la resolución interlocutoria que denegó la solicitud de sentencia sumaria del patrono peticionario.

II

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, *Ley de procedimiento sumario de reclamaciones laborales* (Ley Núm. 2), 32 LPRA secs. 3118-3132, instituye un procedimiento sumario de adjudicación de pleitos laborales, dirigido a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos, relativos a salarios, beneficios y derechos laborales. *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

El Tribunal Supremo de Puerto Rico ha consignado que la característica fundamental de la Ley Núm. 2 es su naturaleza sumaria. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018). A tales efectos, **tanto las partes como los tribunales están obligados a respetarla y a velar que no se desvirtúe su carácter especial y sumario**. *Íd*. A su vez, ha enfatizado que las disposiciones de la pieza legislativa antes mencionada se deberán interpretar de manera liberal a favor del empleado. Ello, para equiparar la desigualdad de los medios económicos que exista entre las partes. *Vizcarrondo Morales v. MVM*, 174 DPR 921, 928-929 (2008).

Con el fin de mantener el carácter sumario de dicho procedimiento a nivel apelativo, se aprobó la Ley Núm. 133-2014. Mediante esta enmienda se dispuso que, entre otras cosas, en un caso instado al amparo del procedimiento sumario, el término jurisdiccional para apelar de una sentencia emitida por el Tribunal de Primera Instancia es de 10 días, contados a partir de la notificación de dicha sentencia.

De otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999), el Tribunal Supremo concluyó que si bien la revisión, vía *certiorari*, de resoluciones interlocutorias emitidas en procedimientos sumarios tramitados al amparo de la Ley Núm. 2 es contraria a la naturaleza expedita del referido procedimiento, exceptuó de dicha prohibición,

> […] aquellos supuestos en que la [resolución interlocutoria] se haya dictado **sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo**; esto es, en aquellos casos extremos en que la revisión inmediata, **en esa etapa**, disponga del caso, o su pronta disposición, en forma definitiva o **cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia"** (*miscariage* [sic] *of justice*).

*Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR, a la pág. 498. (Bastardillas suprimidas; énfasis nuestro)[3].

Dicha norma fue reiterada por el Tribunal Supremo en el caso de *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 711, 732-733 (2016). Además, el Tribunal Supremo aclaró que **el término para solicitar la revisión de aquellas determinaciones interlocutorias que cumplen con los criterios taxativos establecidos en** *Dávila, Rivera v. Antilles Shipping, Inc.*, **es de 10 días para las revisiones presentadas ante este Tribunal**, y de 20 días para aquellas presentadas ante el Tribunal Supremo. *Íd.*, a la pág. 736.

La importancia que reviste la atención sumaria de las reclamaciones instadas al amparo de la Ley Núm. 2 es de tal magnitud que el Tribunal Supremo aclaró que,

---

[3] *Véase*, además, *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 348-349 (2021); y, *León Torres v. Rivera Lebrón*, 204 DPR 20, 30-31 (2020).

.       .       .       .       .       .       .       .

> […] **la figura de la reconsideración interlocutoria es incompatible con el procedimiento provisto por la Ley Núm. 2**, *supra*. Entre otras razones, pues se daría la anomalía de proveerle a las partes un término mayor para solicitar reconsideración que el provisto por la Ley Núm. 2, *supra*, para la revisión de determinaciones finales.
>
> .       .       .       .       .       .       .       .

*Medina Nazario v. McNeil Healthcare LLC*, 194 DPR, a la pág. 736. (Énfasis nuestro).

Ello responde a que, "[t]al proceder **atenta contra la clara política pública del Estado de 'tramitar las reclamaciones laborales con prontitud, sin dilaciones que puedan frustrar los fines de la justicia'**. […]". *Íd.*, a la pág. 737. (Cita suprimida; énfasis nuestro). Particularmente, ya que el procedimiento al amparo de la Ley Núm. 2 "desprovisto 'de esa característica sumaria, resultaría en un procedimiento ordinario más, incompatible con el mandato legislativo'". *Íd.* (Cita suprimida).

III

En síntesis, la parte peticionaria aduce que ostentamos jurisdicción para revisar la denegatoria de su solicitud de sentencia sumaria. No obstante, examinado el recurso a la luz de la jurisprudencia citada, no surge razón alguna para intervenir interlocutoriamente en este asunto. Tampoco se configuran los supuestos excepcionales contemplados en *Dávila, Rivera v. Antilles Shipping, Inc.*, y su progenie. Resolver otra cosa atenta contra la naturaleza sumaria de este pleito.

IV

En virtud de los hechos y el derecho antes consignados, este Tribunal desestima el recurso de *certiorari* instado[4] por carecer de jurisdicción para entender en él.

La juez Lebrón Nieves disiente con opinión escrita.

---

[4] *Véase*, Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS DE PUERTO RICO, en representación y para beneficio de GELCY MORALES GONZALEZ<br><br>Recurrida<br><br>V.<br><br>PUERTO RICO SUPPLIES GROUP, INC.<br><br>Peticionarios | KLCE202400809 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.: TA2023CV01169 (201-B)<br><br>Sobre: Despido Injustificado (Ley Núm. 80-1976); Procedimiento Sumario al Amparo de la Ley Núm. 2-1961) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Jueza Romero García y Juez Rivera Torres

**VOTO DISIDENTE DE LA JUEZ LEBRÓN NIEVES**

En San Juan, Puerto Rico, a 20 de agosto de 2024.

En esta ocasión, la Mayoría del Panel ha optado por desestimar el recurso de epígrafe y al así hacerlo, declinar el ejercer su función revisora. En su dictamen razona que: "En síntesis, la parte peticionaria aduce que ostentamos jurisdicción para revisar la denegatoria de su solicitud de sentencia sumaria. No obstante, examinado el recurso a la luz de la jurisprudencia citada, no surge razón alguna para intervenir interlocutoriamente en este asunto. Tampoco se configuran los supuestos excepcionales contemplados en *Dávila, Rivera v. Antilles Shipping, Inc.*, [*infra*] y su progenie. Resolver otra cosa atenta contra la naturaleza sumaria de este pleito."

Consecuentemente, dictaminó que: "En virtud de los hechos y el derecho antes consignados, este Tribunal desestima el recurso

de *certiorari* instado[1] por carecer de jurisdicción para entender en él.”

Como en adelante explico, estoy en total desacuerdo con dicho curso de acción, por entender que, **el dictamen recurrido es revisable bajo nuestro estado de derecho**. Ello, toda vez que, estamos ante una moción dispositiva que, de proceder, podría dar por terminado el pleito. Por consiguiente, lejos de retrasar los procedimientos, una revisión de *novo* de la sentencia sumaria en cuestión, podría redundar en la disposición expedita del caso, o al menos, en la simplificación de las controversias. Lamentablemente, la Mayoría declinó acoger el recurso sin hacer el ejercicio de revisar la sentencia sumaria de *novo* ni entrar en sus méritos.

En apretada síntesis, el caso que nos ocupa tuvo su inicio el 13 de noviembre de 2023 mediante una *Querella* por despido injustificado bajo la Ley 80[2], instada por la señora Gelcy Morales González (en adelante, parte recurrida), en contra de Puerto Rico Supplies Group, Inc. (en adelante, parte peticionaria). El 6 de diciembre de 2023, la parte peticionaria contestó la *Querella* y levantó sendas defensas afirmativas.

Específicamente, pertinente a la controversia que nos ocupa, el 28 de mayo de 2024, la parte peticionaria interpuso ante el foro primario una moción de sentencia sumaria acompañada de ocho (8) anejos y esbozó los hechos materiales que, a su juicio, no están en controversia. En la misma arguyó, en esencia, que la parte recurrida fue despedida durante el periodo probatorio establecido por la Ley 80, *supra,* toda vez que el mismo fue interrumpido por la licencia de enfermedad que disfrutó la parte recurrida. Acotó, además, que la parte recurrida incurrió en 28 ausencias, e incumplió con las

---

[1] *Véase*, Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[2] Ley del 30 de mayo de 1976, según enmendada, 29 LPRA sec.185, *et seq.*

obligaciones contraídas bajo el contrato de empleo y el Manual de Empleados, afectando el buen funcionamiento de la empresa. Afirmó que medió justa causa para el despido de la parte recurrida.

En respuesta, el 26 de junio de 2024, la recurrida presentó su *Oposición a Sentencia Sumaria*, en la que esgrimió que, el periodo probatorio al cual estaba sujeta no era el de la Ley 80, *supra*, sino el estipulado en el contrato entre las partes, el cual no podía ser interrumpido. Acotó que, el patrono no había demostrado justa causa para el despido, razón por la cual, no procedía la disposición sumaria del caso.

El 10 de julio de 2024, el foro primario emitió la *Resolución* recurrida*,* mediante la cual declaró *No Ha Lugar* la moción de sentencia sumaria incoada por la parte peticionaria.

En adelante, procedo a esbozar el derecho que enmarca la controversia que nos ocupa y los fundamentos para mi disenso.

### *Procedimiento sumario - Ley 2*

Nuestro Tribunal Supremo ha señalado que, la Ley Núm. 2 de 17 de octubre de 1961, también conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*,[3] establece un mecanismo especial cuyo propósito esencial es la rápida consideración y adjudicación de las querellas presentadas por los obreros o empleados, primordialmente en aquellos casos de reclamaciones salariales, beneficios o derechos, como lo es el pago de la mesada en caso de un despido injustificado.[4] De igual forma, ha dispuesto que, "[p]ara lograr este propósito, y al considerar la disparidad económica entre el patrono y el obrero, así como el hecho de que la mayoría de la información sobre los reclamos salariales o por un despido está en posesión del empleador, el legislador acortó

---

[3] 32 LPRA secs. 3118-3132.
[4] *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 206 (2021); *Bacardí Corp. v. Torres Arroyo*, 202 DPR 1014, 1019 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 793, 732 (2016).

los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción[5]." *Peña Lacern v. Martínez Hernández, et al.*, 210 DPR 425 (2022).

La Alta Curia ha destacado que, el procedimiento sumario creado por la Ley Núm. 2, *supra*, es uno abarcador que al hacer un balance de los intereses envueltos impone la carga procesal más onerosa al patrono, sin que esto signifique que éste queda privado de defender sus derechos. *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 924 (1996).

Con este mecanismo expedito se implementó un plazo corto para que el patrono conteste la querella laboral o solicite una prórroga dentro del plazo dispuesto. De esta forma, en el caso de que el patrono no conteste en un plazo de diez (10) o quince (15) días, según corresponda al distrito judicial donde fue presentada la querella y su ubicación, ni solicite una prórroga juramentada, el juez de primera instancia emitirá la sentencia y concederá el remedio solicitado, sin más citarle ni oírle.[6] En este escenario, "el incumplimiento con el plazo legal para contestar la querella o solicitar una prórroga juramentada inexorablemente impone al patrono querellado los efectos de la litigación en rebeldía, pues el tribunal primario no tiene discreción para denegar su anotación.[7]" *Peña Lacern v. Martínez Hernández, et al.*, supra.

Dispone nuestro ordenamiento jurídico que, entre las condiciones que establece el aludido estatuto, en este trámite especial, es que el patrono querellado deberá "hacer una sola alegación responsiva en la cual deberá incluir todas sus defensas y objeciones, entendiéndose que renuncia a todas las defensas u objeciones que no incluya en dicha alegación responsiva".[8]

---

[5] *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021).
[6] 32 LPRA sec. 3120.
[7] *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921 (2008).
[8] Sección 3 de la Ley Núm. 2, 32 LPRA sec. 3120.

Conforme a esta medida especial el patrono está impedido de enmendar su contestación a la querella para traer nuevas defensas afirmativas.[9] *Peña Lacern v. Martínez Hernández, et al.*, supra, pág. 435.

Asimismo, fueron incorporados al precitado estatuto, ciertas limitaciones a los mecanismos de descubrimiento de prueba que normalmente se encuentran disponibles en el curso de una litigación civil. De esta manera, conforme a la Sec. 3 de la Ley Núm. 2, *supra*, existe una prohibición hacia las partes que les impide en el proceso someterle a su oponente más de un pliego de interrogatorios o tomar más de una deposición. Igualmente, no se podrá tomar la deposición a una parte a quien anteriormente se le hubiese cursado un interrogatorio, ni someterle un interrogatorio luego de habérsele tomado la deposición, con excepción de que medien circunstancias excepcionales y el tribunal, dentro de su discreción, lo avale. Finalmente, tampoco están permitidas las deposiciones de los testigos salvo que el tribunal otorgue su consentimiento, siempre y cuando se haya justificado la necesidad para ello. *León Torres v. Rivera Lebrón,* 204 DPR 20, 31-35 (2020).

Por igual, el Máximo Foro ha resuelto que, en un procedimiento sumario laboral provisto por la Ley Núm. 2 no está permitido solicitar reconsideración de determinaciones judiciales, ya sean éstas interlocutorias o finales. *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 449-450 (2016). A esos efectos, la última instancia judicial ha señalado que, "en atención a los fines que persigue la ley y a la política pública que la inspira, […] la moción de reconsideración es incompatible con el procedimiento sumario

---

[9] *Srio. del Trabajo v. J.C. Penney Co., Inc.*, 119 DPR 660, 669-671 (1987). Ahora bien, en *León Torres v. Rivera Lebrón*, se resolvió que, al aplicar supletoriamente la Regla 13.1 de Procedimiento Civil, en el contexto de un procedimiento sumario en virtud de la Ley Núm. 2, los empleados tienen la potestad de enmendar la querella presentada bajo determinadas condiciones.

laboral provisto por la Ley Núm. 2". *Patiño Chirino v. Parador Villa Antonio*, supra, pág. 450.

En esencia, el desarrollo jurisprudencial ha reiterado que la médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 es su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más. *Rodríguez v. Syntex P.R., Inc.*, 148 DPR 604, 612 (1999); *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 316 (1975). En referencia a lo anterior, en *Rivera v. Insular Wire Products Corp.*, supra, pág. 928, el Tribunal Supremo enfatizó que los tribunales tienen amplia flexibilidad y discreción para manejar estos casos y resolverlos de la forma más justa, rápida y económica posible. Véase, además, *Piñero v. A.A.A.*, 146 DPR 890, 902-903 (1998). También expresó nuestro Máximo Foro que "el Tribunal de Primera Instancia guarda discreción para determinar si la querella de un obrero debe ser tramitada por la vía ordinaria, aunque el obrero reclamante considere conveniente tramitar su reclamación de forma sumaria". *Bacardí Corp. v. Torres Arroyo*, supra, pág. 1023, que cita a *Berríos v. González et al.*, 151 DPR 327, 340 (2000); *Rivera v. Insular Wire Products Corp.*, supra, pág. 927.

Por igual, el Alto Foro rechazó sostener cualquier "interpretación en extremo rígida de los esquemas procesales en materia laboral que tenga el efecto práctico de privar a los foros de instancia de la discreción necesaria para considerar y decidir controversias de forma adecuada y cabal". *Berríos v. González et al.*, supra, pág. 349. En efecto, se ha resuelto que, cuando una reclamación laboral instada bajo el proceso sumario de la Ley Núm. 2, *supra*, plantea varias causas de acción y, conforme el criterio del juzgador, las controversias resultan complejas, todas las causas de acción incluidas en la querella deben ser tramitadas en un juicio ordinario. *Íd.*

En cuanto al manejo del foro primario de los casos mediante este trámite sumario, nuestra última instancia judicial añadió que dicho foro puede separar causas de acción, consolidar trámites y, en casos complicados, hasta darles un manejo especial.[10] Además, cuando los foros de primera instancia "determinan que las actuaciones de una parte están perjudicando y entorpeciendo los procedimientos, tienen amplia facultad para prohibir, sancionar o castigar este tipo de conducta y actitud".[11]

Atinente a nuestra función revisora, a través de la enmienda a la Sec. 9 de la Ley Núm. 2, *supra*, efectuada mediante la Ley Núm. 133-2014, 32 LPRA sec. 3127, también se acortaron los periodos para solicitar revisión en casos tramitados bajo la Ley Núm. 2. De manera que, posterior a esta enmienda, las apelaciones en este tipo de litigio deben presentarse ante este Tribunal de Apelaciones dentro de los diez (10) días de la notificación de la sentencia recurrida y las peticiones de *certiorari* al Tribunal Supremo, no más tarde de veinte (20) días de notificada la determinación del foro apelativo intermedio.

Como es sabido, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 498 (1999), el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse en relación al alcance de la revisión judicial de resoluciones interlocutorias dictadas en un procedimiento sumario instado al amparo de la Ley Núm. 2, *supra*. Allí, expresó lo siguiente:

> "*con el objetivo de salvaguardar la intención legislativa, autolimitamos nuestra facultad revisora, y la del Tribunal de Circuito de Apelaciones, en aquellos casos de resoluciones interlocutorias dictadas al amparo de la Ley Núm. 2, supra, con excepción de aquellos supuestos en que la misma se haya dictado sin jurisdicción por el tribunal de instancia y en aquellos casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo*; esto es, en aquellos casos extremos

---

[10] *Berríos v. González et al.*, supra, pág. 349; *Rivera v. Insular Wire Products Corp.*, supra, págs. 928-930.
[11] *Íd.* pág. 930.

en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia" (*miscar[r]iage of justice*)".

Nuestro Tribunal Supremo ha establecido con meridiana claridad que, **tal autolimitación no es absoluta**. Sobre este particular, en *Díaz Santiago v. Pontificia Universidad Católica, y otros*, 207 DPR 339, 348-349 (2021), al citar con aprobación lo resuelto en *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, el Alto Foro señaló:

> Precisamente, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483 (1999), este Tribunal tuvo la oportunidad de examinar si la presentación de un recurso de *certiorari* contra una resolución interlocutoria dictada en un proceso tramitado bajo la Ley Núm. 2 era contraria al carácter sumario de la ley. Luego de evaluar el texto de la ley y su historial legislativo, este Tribunal concluyó que, de ordinario, la revisión de resoluciones interlocutorias era contraria al carácter sumario del procedimiento laboral y que, por tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada. Íd., págs. 496-497. En consecuencia, como norma general, la parte que pretenda impugnar resoluciones interlocutorias en un procedimiento bajo la Ley Núm. 2 deberá esperar hasta que se dicte sentencia final para entonces instar un recurso a base del error alegado.
>
> **No obstante, la norma impuesta no fue absoluta.** En *Dávila, Rivera v. Antilles Shipping*, supra, reconocimos que esta norma de autolimitación de revisión contempla una serie de instancias en las que una resolución interlocutoria sí es revisable por este Tribunal Supremo o por el Tribunal de Apelaciones, según corresponda. A estos efectos, a modo de excepción, concluimos que los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado a tenor con la Ley Núm. 2 en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción; **(2) en situaciones en las que la revisión inmediata dispone del caso por completo**[12], y (3) **cuando la revisión tenga el efecto de evitar una grave injusticia**. Íd., pág. 498; *Ortiz v. Holsum*, 190 DPR 511, 517 (2014). En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. (*Énfasis suplido*).

---

[12] Énfasis suplido.

Discutido el marco conceptual de la Ley 2, *supra,* por su incuestionable pertinencia al caso que nos ocupa, es preciso analizar la utilización del mecanismo de sentencia sumaria en los casos tramitados al amparo de dicho estatuto y el alcance de nuestra facultad revisora en cuanto al mismo. Veamos.

### *La sentencia sumaria en los pleitos bajo la Ley 2*

Conforme ha resuelto la Alta Curia, en consonancia con el trámite especial, la propia Ley Núm. 2 dispone que las Reglas de Procedimiento Civil aplicarán supletoriamente en todo aquello que no esté en conflicto con las disposiciones específicas de esta o con el carácter sumario del procedimiento especial establecido en esta legislación.[13] El sentido de la letra de este párrafo es claro. Para resolver si un trámite ordinario de las normas de procedimiento civil aplica o no al procedimiento especial, es necesario determinar si la regla es "conflictiva o contraria con alguna disposición específica de la ley especial, y con el carácter sumario del procedimiento".[14]

Como sabemos, la sentencia sumaria es un mecanismo procesal disponible en nuestro ordenamiento que nos permite resolver controversias sin que se requiera llegar a la etapa de juicio. *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022); *Delgado Adorno v. Foot Locker Retail,* 208 DPR 622 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310 (2021); *Rosado Reyes v. Global Healthcare Group, LCC.,* 205 DPR 796, 290 (2020), *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). La sentencia sumaria está regida por la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, la cual desglosa los requisitos específicos con los que debe cumplir esta norma procesal. *Lugo Montalvo v. Sol Meliá Vacation,* 194 DPR 209, 224 (2015); *Rosado Reyes v. Global Healthcare Group, LCC.,* supra, pág. 290.

---

[13] 32 LPRA sec. 3120.
[14] *Díaz v. Hotel Miramar Corp.*, supra, pág. 321.

Ante la ausencia de una controversia sustancial y real sobre hechos materiales, sólo resta aplicar el derecho pertinente a la controversia. Cuando se habla de hechos materiales, nos referimos a aquellos que pueden determinar el resultado de la reclamación, de conformidad con el derecho sustantivo aplicable. **Así pues, el propósito de la sentencia sumaria es facilitar la pronta, justa y económica solución de los casos que no presenten controversias genuinas de hechos materiales**. (*Énfasis suplido*) *Alicea Pérez v. Coop. Seg. Múlt.*, 210 DPR 71 (2022); *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 5; *Rosado Reyes v. Global Healthcare Group, LCC.*, supra, pág. 290; *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 13; *Roldán Flores v. M. Cuebas, Inc.*, 199 DPR 664, 676 (2018); *Velázquez Ortiz v. Gobierno Mun. De Humacao*, 197 DPR 656, 662-663 (2017). Procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, en unión a las declaraciones juradas y alguna otra evidencia admisible, se acredita la inexistencia de una controversia real y sustancial respecto a algún hecho esencial y material y, además, si procede en derecho. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 13; *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 6; *Lugo Montalvo v. Sol Meliá Vacation*, supra, pág. 225; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013).

En consonancia con lo anterior, el Tribunal Supremo de Puerto Rico ha afirmado que -**utilizado ponderadamente- el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar los calendarios de los tribunales y evitar el derroche de dinero y tiempo que implica la celebración de un juicio en su fondo.**[15] *Delgado Adorno v. Foot Locker*, supra, pág. 627. (*Énfasis suplido.*)

---

[15] Véase *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009); *Padín v. Rossi*, 100 DPR 259 (1971). *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V. R. 36.3. *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018); *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 14.

Cumplidos estos requisitos, el inciso (e) de la Regla 36.3 establece lo siguiente:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente. El tribunal podrá dictar sentencia sumaria de naturaleza interlocutoria para resolver cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o contra cualquier parte en el pleito. Si la parte contraria no presenta la contestación a la sentencia sumaria en el término provisto en esta regla, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. 32 LPRA Ap. V, R. 36.3(e).[16]

---

[16] *Pérez Vargas v. Office Depot*, supra, pág. 699.

La sentencia sumaria no procederá en las instancias que: 1) existan hechos materiales y esenciales controvertidos; 2) haya alegaciones afirmativas en la demanda que no han sido refutadas; 3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o 4) como cuestión de derecho, no proceda. *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 14.

Nuestra Máxima Curia ha expresado que, el oponente debe controvertir la prueba presentada con evidencia sustancial y no puede simplemente descansar en sus alegaciones. *Ferrer et al. v. PRTC.*, 209 DPR 574 (2022); *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010). Las meras afirmaciones no bastan. *Íd.* "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente". *Ramos Pérez v. Univisión*, supra, pág. 215. (Cita omitida). *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 677. Además, se le exige a la parte que se oponga ciertas exigencias adicionales. Primeramente, deberá presentar una relación concisa y organizada de los hechos esenciales y pertinentes que, a su juicio, estén en controversia, citando específicamente los párrafos según fueron enumerados por el promovente de la moción. *Ferrer et al. v. PRTC.*, supra, pág. 591; *SLG Fernández-Bernal v. RAD-MAN*, supra, pág. 15. También, deberá enumerar los hechos que no estén en controversia, con indicación de los párrafos o páginas de las declaraciones juradas u otra prueba admisible donde se establezcan estos. *Íd.* En adición, deberá esbozar las razones por las cuales no se debe dictar sentencia sumaria, argumentando el derecho aplicable. *Íd.* Si el oponente no controvierte los hechos propuestos de la forma en la que lo exige la Regla 36.3 de Procedimiento Civil, *supra,* se podrán considerar como admitidos y se dictará la

Sentencia Sumaria en su contra, si procede. *Roldán Flores v. M. Cuebas, Inc.*, supra, pág. 677.

Respecto a la revisión de las sentencias sumarias, el Foro Apelativo deberá utilizar los mismos criterios que el Tribunal de Primera Instancia. *Ferrer ET et al. v. PRTC.*, supra, pág. 583; *Meléndez González et al. v. M. Cuebas*, supra, pág. 679. Además, está obligado a examinar de *novo* la totalidad de los documentos incluidos en el expediente de la forma más favorable al promovido. *Íd.* Lo anterior debido a que, solo procede dictar sentencia sumaria en los casos claros y cualquier duda existente sobre los hechos materiales ha de resolverse en contra de la parte promovente. *Ferrer et al. v. PRTC.*, supra, pág. 583.

Cabe destacar que, nuestro Tribunal Supremo ha favorecido este mecanismo procesal para disponer de reclamaciones laborales. Asimismo, se ha aplicado para resolver reclamaciones que, aunque requieren elementos subjetivos de intención, no reflejan controversias materiales de hechos. *Ramos Pérez v. Univisión*, supra, pág. 223.

Ahora bien, la pregunta obligada es si, el mecanismo de la sentencia sumaria es compatible con el trámite sumario estatuido por La ley 2, *supra*. A juicio de esta Juez, la respuesta es en la afirmativa. Sabemos que, por ser la médula de la Ley Núm. 2, el carácter sumario del procedimiento especial para las reclamaciones laborales, nuestro Tribunal Supremo ha rechazado la aplicación de mecanismos procesales incompatibles con este carácter y reafirmado el deber de los tribunales de evitar que se desvirtúe la naturaleza especial y sumaria del trámite, así como la necesidad de la rápida disposición de las reclamaciones laborales.[17]

---

[17] *Bacardí Corp. v. Torres Arroyo*, supra, pág. 1019 (por el carácter sumario del procedimiento de la Ley Núm. 2, al patrono no le es permitido presentar una reconvención. Cualquier reclamación que tenga el patrono contra el empleado debe tramitarse en un pleito independiente); *Ruiz Camilo v. Trafon Group, Inc.*, supra pág. 265(la moción de enmiendas o determinaciones iniciales o adicionales

**Empero, según esbozado previamente, este no es el caso en cuanto al mecanismo de la sentencia sumaria**, pues su finalidad es, precisamente, la celeridad en la resolución de los casos y controversias. Se ha establecido que, uno de los propósitos principales de la moción de sentencia sumaria "es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, por lo que no ameritan la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una controversia de derecho". Bajo el mismo razonamiento, el Alto Foro ha reiterado que "[u]tilizada de la forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales". *Delgado Adorno v. Foot Locker*, supra, pág. 627. Consecuentemente, es forzoso concluir que, **el mecanismo de la sentencia sumaria no es incompatible con el trámite sumario de la Ley 2**; todo lo contrario.

Establecido lo anterior, la pregunta de rigor es si, podemos ejercer nuestra función revisora respecto a un dictamen interlocutorio que deniega una moción de sentencia sumaria en un pleito bajo el trámite sumario de la Ley 2. En el criterio de esta Juez, la respuesta es también en la afirmativa. Veamos.

Si bien es cierto que, en el contexto del trámite sumario de la Ley 2, el Alto Foro ha autolimitado nuestra función revisora de los dictámenes interlocutorios, también dispuso ciertas excepciones a dicha autolimitación. **"[E]sto es, en aquellos casos extremos en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia"**

---

es incompatible con el procedimiento sumario de reclamaciones laborales); *Patiño Chirino v. Parador Villa Antonio*, supra, pág. 450 (por ser incompatible con el procedimiento sumario laboral, las sentencias emitidas en un litigio tramitado en virtud de la Ley Núm. 2 no pueden ser objeto de reconsideración); *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 733 (debido a la naturaleza sumaria del procedimiento, las determinaciones interlocutorias emitidas no pueden ser objeto de reconsideración).

**(*miscar[r]iage of justice*)"**[18]. (*Citas omitidas*).  A tenor con ello, la denegatoria de una moción de sentencia sumaria, es pues, una de las instancias en la que podemos intervenir, a modo de excepción; aunque se trate de un dictamen interlocutorio.  De hecho, en el caso *León Torres v. Rivera Lebrón*, supra, —tramitado bajo el procedimiento sumario— tanto este foro intermedio como el Alto Foro, ejercieron su función revisora en el contexto de una moción de sentencia sumaria instada por el patrono. Allí, el Máximo Foro determinó las condiciones bajo las cuales se permite enmendar una Querella bajo la Ley 2, *supra* y que no pueden incorporarse reclamaciones o defensas nuevas a una alegación a través de la oposición a una solicitud de sentencia sumaria. En modo alguno, nuestra última instancia judicial ha autolimitado nuestra función revisora respecto a una denegatoria de una moción de sentencia sumaria en casos tramitados al amparo de la Ley 2, *supra*, como afirma la Mayoría.

En resumen, esta Juez difiere de la interpretación del derecho que ha hecho la Mayoría en su *Resolución* y consecuentemente, del curso de acción que ha tomado en esta ocasión, al desestimar el recurso y rehusar atender la controversia planteada.  Lo anterior, sin hacer la revisión de *novo* correspondiente y máxime, cuando una de las dos "controversias" señaladas por el foro primario constituye una controversia de derecho que, por su naturaleza, no es de por sí, capaz de derrotar una moción de sentencia sumaria.

En fin, solo resta reiterar que, en la opinión de la suscribiente, no nos ha sido vedado intervenir en casos donde se impugne una denegatoria de una moción de sentencia sumaria en un caso tramitado bajo la Ley 2, *supra*.

---

[18] *Antilles Shipping, Inc.*, supra, pág. 498.

Por las razones antes expuestas, no tengo otra alternativa, sino disentir del dictamen de la Mayoría.


**GLORIA L. LEBRÓN NIEVES**
Juez de Apelaciones